UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:04CV988 CDP ) |
| MARSHALL-LONG, LLC, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

On September 14, 2005, the Court entered a default judgment against defendant Marshall-Long, LLC, in the amount of $5,447.73, for delinquent contributions and liquidated damages owed to plaintiff employee benefit funds pursuant to 29 U.S.C. §§ 185 and 1132. Plaintiffs have twice attempted to satisfy this judgment by garnishing the bank account of Marshall-Long, LLC at US Bank. Both garnishment attempts failed, as US Bank reported that it had "no record" or "no funds" under the name Marshall-Long, LLC. Plaintiffs now move for a creditor's bill and to pierce the corporate veil of Marshall-Long, LLC in order to satisfy the judgment from the following alter ego entities of the defendant: James H. Marshall II (individually and d/b/a Marshall Plumbing), Lauren M. Marshall, and Marshall Contracting, LLC, a Missouri limited liability company. For the reasons

set forth more fully below, I will grant the plaintiffs' motion.

"In the absence of a controlling federal statute, a district court 'has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law.'" H. H. Robertson Co. v. V.S. DiCarlo General Contractors, Inc., 994 F.2d 476, 477 (8th Cir. 1993) (quoting United States ex rel. Goldman v. Meredith, 596 F.2d 1353, 1357 (8th Cir. 1979)). The two equitable remedies sought in this motion, a creditor's bill and piercing the corporate veil, are both recognized under Missouri law.

Missouri recognizes a creditor's bill as a means of "trac[ing] the value of the goods and services rendered to an empty-shell corporation to the parties behind such a corporation who have received and benefitted from the property or services." Shockley v. Harry Sander Realty Co., 771 S.W.2d 922, 925 (Mo. Ct. App. 1989). As a prerequisite to the issuance of a creditor's bill, there must be "the existence of a judgment, the issuance of an execution against the assets of a judgment debtor, a nulla bona return thereon." Id. at 925. Further, "[t]he fact that [a corporation's alter egos] were not themselves either judgment debtors or parties in the original action is irrelevant." H.H. Robertson Co., 914 F.2d at 478.

Similarly, piercing the corporate veil enables a court to use its equitable powers to "disregard the separate legal entity of the corporation and the individual

-2-

where the separateness is used as a subterfuge to defraud a creditor." Community Federal Savings and Loan Ass'n v. Boyer, 710 S.W.2d 332, 334 (Mo. Ct. App. 1986). "The rationale behind piercing the corporate veil is that when a controlling entity or individual misuses the controlled corporation for the controlling entity's own purposes, rather than the purposes of the controlled corporation, it loses the limited liability privilege and the debts of the controlled corporation become the obligations of the controlling entity or individual." Dwyer v. ING Investment Co., Inc., 889 S.W.2d 902, 904 (Mo. Ct. App. 1994) (citation omitted).

Missouri courts have established three requirements that must be met to pierce the corporate veil: (1) control, (2) breach of duty, and (3) proximate cause. Mobius Management Systems, Inc. v. West Physician Search, L.L.C., 175 S.W.3d 186, 188-89 (Mo. Ct. App. 2005). Control is "not mere majority or stock control, but complete domination, not only of finances, but of policy and business practice with respect to the transaction, such that the corporate entity had no separate mind, will, or existence of its own." Id. at 188. A breach of duty occurs when "this control [is] used by the corporation to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or to commit a dishonest and unjust act in contravention of the plaintiff's legal rights." Id. Such acts include the transfer of property from a debtor corporation to a second corporation when both

are controlled by the same person, and the manipulation of assets to avoid creditors. Fleming Companies, Inc. v. Rich, 978 F. Supp. 1281, 1303 (E.D. Mo. 1997) (citations omitted). In some circumstances, this requirement may be satisfied "when a corporation is undercapitalized, or when its assets are stripped to avoid creditors." Id. (citations omitted). Finally, the control and breach of duty must have proximately caused the plaintiff's injury or unjust loss. Id. at 189.

After reviewing the record, I find that the plaintiffs have demonstrated that the issuance of a creditor's bill and an order permitting plaintiffs to pierce the corporate veil are both appropriate remedies in this case. First, the prerequisite for obtaining a creditor's bill has been met: a judgment was obtained, several garnishments and an execution were sought against Marshall-Long, LLC, and the garnishments were returned with responses of "no record" and "no funds" from Marshall-Long, LLC's bank.

More importantly, the record reveals that Marshall-Long, LLC is nothing more than an empty-shell corporation that, to this point, has shielded James H. Marshall II, Lauren M. Marshall, and Marshall Contracting LLC from assuming any responsibility for the judgment previously entered in this case. Through public records and the unanswered Requests for Admissions sent to Marshall-Long, LLC

on February 10, 2006,[1] plaintiffs have established that James H. Marshall II and his wife, Lauren M. Marshall, used their control over the assets and business of Marshall-Long, LLC to evade the judgment in this case.

Mr. and Mrs. Marshall operated Marshall-Long, LLC out of two addresses in St. Louis, Missouri. The first, 7126 Idaho, is owned by Mr. Marshall. The second and more recent address, 5802 S. Kingshighway, was owned by Mrs. Marshall until June, 2005. Mr. Marshall is the sole owner of Marshall-Long, LLC. He manages the workforce and labor relations for the company, as evidenced by his signature on the collective bargaining agreement with the plaintiffs in this case.

In March, 2005, soon after this Court granted a default order of accounting against Marshall-Long, LLC in this case, Mr. Marshall organized Marshall Contracting, LLC as a Missouri limited liability company. That same day, Marshall Contracting, LLC became the registered owner of a fictitious name, Marshall Contracting. Mr. Marshall is listed as the registered agent and the sole organizer of Marshall Contracting, LLC. Additionally, the address that appears on Marshall Contracting, LLC's filings with Missouri's Secretary of State is the same Kingshighway property formerly owned by Mrs. Marshall.

---

[1] Fed. R. Civ. P. 36(a) provides that matters listed in Requests for Admission are deemed admitted if the party to whom the request is directed fails to respond or object within thirty days after the service of the request.

In June, 2005, Mrs. Marshall sold the Kingshighway property and purchased property at 4633 Marine Rd., Marine, IL. Mr. Marshall currently resides at Mrs. Marshall's Marine, IL property, where he operates a plumbing, pipefitting, and HVAC repair business under the names Marshall Contracting and Marshall Plumbing. Although the name of Mr. Marshall's business has changed, his operation remains much the same. Marshall Contracting and Marshall Plumbing have taken over Marshall-Long, LLC's contracts, clients, and telephone number.

In sum, the undisputed evidence demonstrates that Mr. and Mrs. Marshall liquidated bank accounts, transferred property, and established a new corporation all in the hopes of defrauding the plaintiffs of the contributions and liquidated damages that they are entitled to under 29 U.S.C. §§ 185 and 1132. Under these circumstances, the plaintiffs are entitled to a creditor's bill and an order permitting the piercing the corporate veil.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a creditor's bill and to pierce the corporate veil [# 25] is granted. The corporate veil of Marshall-Long, LLC shall be pierced, and James H. Marshall II (individually and d/b/a Marshall Plumbing), Lauren M. Marshall, and Marshall Contracting, LLC shall be held jointly and severally liable for the default judgment entered against Marshall-Long, LLC in

the amount of $5,447.73, plus prejudgment interest from September 14, 2005.

A separate judgment in accord with this order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2006.